UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CLARENCE HIGHBAUGH, JR.,         )<br>                                  )<br>              Petitioner,        )<br>     vs.                         )       1:06-cv-1445-DFH-TAB<br>                                  )<br>SUPERINTENDENT CRAIG HANKS,       )<br>                                  )<br>              Respondent.        ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Clarence Highbaugh, Jr. seeks a writ of habeas corpus with respect to a prison disciplinary proceeding identified as No. NCF 06-05-0040. In that proceeding, he was charged with and found guilty of the unauthorized possession of currency/money. He was then sanctioned.

Highbaugh asserts three claims in his petition for a writ of habeas corpus. Each specifies a manner in which the challenged proceeding was conducted in some fashion contrary to prison regulations of the State of Indiana. Even assuming there is a factual basis for this claim, however, the mere violation of such a policy does not constitute a cognizable claim under § 2254. *Evans v. McBride*, 94 F.3d 1062 (7th Cir. 1996). Additionally, the allegations supporting Highbaugh's claims do not suggest the violation or denial of any of the procedures and protections established by *Wolff v. McDonnell,* 418 U.S. 539, 94 S. Ct. 2963 (1974), and its progeny. Thus, the petition shows on its face that Highbaugh is not entitled to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and his action dismissed with prejudice pursuant to Rule 4 of the *Rules Governing Section 2254 Cases in United States District Courts*. The petitioner's motion to produce, which is an effort to obtain discovery, is **denied** as moot. Judgment consistent with this Entry shall now issue.

So ordered.

_____
DAVID F. HAMILTON, Judge
United States District Court

Date:   10/10/2006